[No. 17099.  Department One.  October 14, 1922.]

THE STATE OF WASHINGTON, *Respondent*, v. NORBERT CORMIER *et al.*, *Appellants.*[1]

FALSE PRETENSES (16) — EVIDENCE — SUFFICIENCY. Under Rem. Comp. Stat., § 3790, providing that conditional sales of personal property placed in the hands of the vendee must be recorded in the county where the vendee resided, a conviction of larceny is sustained by evidence that the defendants obtained possession of an automobile upon a conditional sales contract through false representations as to the county of their residence, thereby having it recorded in that county and facilitating removal of the car to another county and its wrongful disposition by defendants to an innocent purchaser.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered October 6, 1920, upon a trial and conviction of grand larceny. Affirmed.

*E. C. Dailey* and *A. E. Dailey,* for appellants.

*Thos. A. Stiger* and *Q. A. Kaune,* for respondents.

BRIDGES, J.—The defendants were found guilty of grand larceny, and have appealed.

They contend the evidence was insufficient to support the verdict of guilty. There was testimony from

[1] Reported in 209 Pac. 674.

which the jury would have been justified in believing the following to be the facts:

The appellant Leonard Cormier, who was a brother of the appellant Norbert Cormier, learned that Hauk and Akels had an Oakland sedan automobile for sale, and approached them concerning the matter. He represented that he had two men whom he thought would purchase the machine, and that he was willing to try to sell it, provided he received the usual commission. Later in the day, Leonard Cormier brought to the place of business of Hauk and Akels the appellant Norbert Cormier and one Alfred Anderson, and introduced them as persons who might buy the automobile. Norbert Cormier and Anderson represented to the owners of the automobile that they worked in Everett, where the machine then was, and resided at a designated place in that city, and that they were willing to buy the automobile upon a conditional sales contract. The owners of the automobile, relying upon the representations made, sold the machine on a conditional sales contract to Anderson and Norbert Cormier, and it was subsequently duly recorded in Snohomish county, of which Everett is the county seat. As a matter of fact, neither of the purchasers of the car was, at that time, or for several months prior thereto had been, a resident of, or working within, the city of Everett, but, on the contrary, they worked at and resided in the city of Bellingham. The appellant Leonard Cormier heard these misrepresentations, and knew they were false. After the purchase of the machine, Anderson and Norbert Cormier took it to Bellingham, where they sold it, and the former owners were thereby deprived of it, and received no further compensation for it. Hauk and Akels would not have sold the machine to these parties but for the false and fraudulent representations made

by them concerning their residence and the place where they worked. These facts, if believed by the jury, were amply sufficient to justify the verdict and would constitute the crime of grand larceny.

Section 3790, Rem. Comp. Stat., provides that all conditional sales of personal property, where the property is placed in the hands of the vendee, shall be absolute as to all purchasers, mortgagees, etc., unless, within ten days after taking possession by the vendee, a memorandum of the sale be filed in the office of the auditor of the county wherein, at the date he took possession, the vendee resided. The jury was entitled to believe that the misrepresentations as to the residence were fraudulently made with a view that the sellers of the automobile would file the conditional sale contract in Snohomish county, thus making it easy for the appellants to remove the machine to another county and there dispose of it.

Appellants further contend that the information does not state facts sufficient to constitute the crime with which they were charged. The charging part of that instrument followed, in substance, the testimony as we have related it, and clearly states facts sufficient to constitute the crime of grand larceny.

The judgment is affirmed.

PARKER, C. J., TOLMAN, FULLERTON, and MITCHELL, JJ., concur.